UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EDWARD ALEXANDER ZSIROS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> MARY BERGHUIS, ) <br> ) <br> Respondent. ) <br> _____) | Case No. 5:06-cv-93 <br><br> Honorable Richard Alan Enslen |

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner fails to raise a meritorious federal claim.

**Discussion**

    I.    <u>Factual allegations</u>

Petitioner is presently incarcerated in the E.C. Brooks Correctional Facility. On September 15, 2003, after a bench trial, Petitioner was convicted in the Genesee County Circuit Court of two counts of unarmed robbery, MICH. COMP. LAWS § 750.530. He was sentenced by the trial court as a fourth-felony habitual offender to terms of imprisonment of 15 to 30 years for each count of conviction. Petitioner appealed to the Michigan Court of Appeals, claiming that his sentence as a fourth-felony habitual offender violated the Michigan and United States constitutions. His application for leave to appeal was denied by the Michigan Court of Appeals on August 16, 2004. He raised the same ground for relief in his appeal to the Michigan Supreme Court, where his application was denied on March 29, 2005. Petitioner did not seek review in the United States Supreme Court.

    II.    <u>Standard of review</u>

Under 28 U.S.C. § 2254(d), a federal court may not grant habeas relief on any claim adjudicated in state court, unless the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. A decision of the state court may only be overturned if: (1) it applies a rule that contradicts the governing law set forth by the Supreme Court; (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts

2

of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362, 413 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

      III.    <u>Merits</u>

Petitioner claims that the trial court erred by sentencing him as a fourth-felony habitual offender based upon facts not found by a jury. Michigan law provides in relevant part:

> A person who, in the course of committing a larceny of any money or other property that may be the subject of larceny, uses force or violence against any person who is present, or assaults or puts the person in fear, is guilty of a felony punishable by imprisonment for not more than 15 years.

MICH. COMP. LAWS § 750.530(a). Michigan law further provides that:

> (1) If a person has been convicted of any combination of 3 or more felonies or attempts to commit felonies, whether the convictions occurred in this state or would have been for felonies or attempts to commit felonies in this state if obtained in this state, and that person commits a subsequent felony within this state, the person shall be punished upon conviction of the subsequent felony and sentencing under section 13 of this chapter as follows:
>
> (a) If the subsequent felony is punishable upon a first conviction by imprisonment for a maximum term of 5 years or more or for life, the court except as otherwise provided in this section or section 1 of chapter, may sentence the person to imprisonment for life or for a lesser term.

MICH. COMP. LAWS § 769.12(1)(a). Prior to the two most recent convictions for unarmed robbery, Petitioner pleaded guilty in the Genesee County Circuit Court of: (1) unarmed robbery in 1995, (2) unarmed robbery in 1999, and (3) escape from prison in 1999.[1]

---

[1] This information was obtained from the Michigan Department of Corrections' Offender Tracking Information System at http://www.michigan.gov/corrections.

>In the instant petition, Petitioner states his claim as follows:
>
>The trial court violated the United States and Michigan Constitutions in sentencing the defendant in both cases to a prison term of 15-30 years on the habitual offender 4th supplements arising out of the unarmed robbery convictions. Facts supporting that sentence must either be admitted by the defendant or found by a jury to avoid a constitutional violation of his right to a jury trial guaranteed under United States Constitution, Amendment VI.

*See* Pet. ¶ 14(a).

In *Blakely v. Washington*, 542 U.S. 296 (2004), the United States Supreme Court held that any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). *Blakely* concerned the State of Washington's determinate sentencing system, which allowed a trial judge to elevate the maximum sentence permitted by law on the basis of facts not found by the jury but by the judge. Thus, the trial judge in that case was required to set a fixed sentence imposed within a range determined by guidelines but was able to increase the maximum sentence on the basis of judicial fact-finding. Unlike the State of Washington's determinate sentencing system, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term. The maximum sentence is not determined by the trial judge but is set by law. *See People v. Claypool*, 684 N.W.2d 278, 286 n.14, (Mich. 2004) (citing MICH. COMP. LAWS § 769.8). Therefore, under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. *Claypool*, 684 N.W.2d at 286. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the finder of fact.[2] *See Blakely*,

---

[2] The Michigan Supreme Court is presently reviewing whether *Blakely* is applicable to Michigan's indeterminate sentencing scheme. *See People v. Drohan*, 693 N.W.2d 823 92005). The Court's decision in this case would not be affected by the decision in *Drohan*.

4

542 U.S. at 304-05.

"*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 476 (emphasis added). *Blakely* confirms that prior criminal convictions are an exception to its holding. *Blakely*, 542 U.S. at 301; *see also Jones v. United States*, 526 U.S. 227, 243 n.6 (1999) (explaining that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."); *Almendarez-Torres v. United States*, 523 U.S. 224, 243-44 (1998) (holding that recidivism does not qualify as an element of the crime to be proven beyond a reasonable doubt although it may be employed as a means to enhance a defendant's maximum penalty); *Oyler v. Boles*, 368 U.S. 448, 451 (1962) ("[T]he constitutionality of the practice of inflicting severer criminal penalties upon habitual offenders is no longer open to serious challenge.").

The rule enunciated in *Blakely* does not apply to indeterminate sentencing schemes like the one used in Michigan. *People v. Collins*, No. 249568, 2005 WL 1683545, at *7 (Mich. App. July 19, 2005) (citing *People v. Claypool*, 684 N.W.2d 278, 286 n.14 (Mich. 2004)); *People v. Curtis*, No. 254617, 2005 WL 1459498, at *4 (Mich. App. June 21, 2005); *People v. Hudson*, No. 252851, 2005 WL 659211, at *6 (Mich. App. Mar. 22, 2005). Even if *Blakely* did generally apply to Michigan's sentencing scheme, Petitioner's sentence was enhanced because of his three prior felony convictions, which is a fact that need not be found by a jury. Petitioner's sentence is within the sentence that may be imposed upon a defendant with three prior felony convictions as set forth in MICH. COMP. LAWS § 769.12(1)(a). Accordingly, the trial court's use of Petitioner's prior convictions to enhance his sentence was neither contrary to, nor an unreasonable application of, clearly

5

established United States Supreme Court precedent. Rather, it was entirely consistent with the holdings of *Blakely*, *Apprendi*, and *Amendarez-Torres*. Thus, Petitioner has failed to raise a meritorious federal claim that would entitle him to habeas corpus relief.

## Conclusion

Because the trial judge's alleged errors in sentencing Petitioner are matters without constitutional significance, Petitioner is not entitled to federal habeas corpus relief. In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because he has failed to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

6

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>    June 30, 2006 |  /s/ Richard Alan Enslen    <br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |